**Concurring Opinion issued April 23, 2026**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-26-00319-CV

—————————————

## IN RE PAULA M. MILLER, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## CONCURRING OPINION

I write separately to note that the mandamus petition here has attributions and quotations to caselaw which strongly appear to be AI-fabricated hallucinations. Filing a document in our Court with fictitious or misleading citations—whether generated by AI and not checked by a human, or otherwise—is a serious breach of candor that this Court cannot tolerate. *See* TEX. R. APP. P. 38.1, 38.9; *Schlafly v. Schlafly*, 33 S.W.3d 863, 873 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

"Citing nonexistent case law or misrepresenting the holdings of a case is making a false statement to a court. It does not matter if [generative AI] told you so." *United States v. Hayes*, 763 F. Supp. 3d 1054, 1067 (E.D. Cal. 2025) (quoting Maura R. Grossman, Paul W. Grimm, & Daniel G. Brown, *Is Disclosure and Certification of the Use of Generative AI Really Necessary?*, 107 Judicature 68, 75 (2023)).

Counsel who appear before this Court and use AI for legal research must do so with great care. Always "trust *and* verify" the accuracy and validity of your results. Trusting AI for legal research without verifying that the cases actually contain quoted language and stand for the proposition for which they are cited violates counsel's ethical duty to this Court. And that unfortunately will require the Court to take the necessary corrective action including, but not limited to, striking the offending brief and reporting counsel to the State Bar.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Caughey and Morgan.

Adams, C.J., concurring.